IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

|  |  |  |
|---|---|---|
| TOVORIS GORDON, | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | **Case No. 5:23-cv-00361-CAR-CHW** |
| v. | : | |
| | : | |
| Unit Manager CLARKSON, *et al*., | : | |
| | : | **Proceedings Under 42 U.S.C. §1983** |
| **Defendants.** | : | **Before the U. S. Magistrate Judge** |
| | : | |

## ORDER AND RECOMMENDATION

This case is currently before the United States Magistrate Judge for screening as required by the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915A(a).  *Pro se* Plaintiff Tovoris Gordon, a prisoner at Coastal State Prison in Garden City, Georgia, filed a 42 U.S.C. § 1983 complaint.  ECF No. 1.  He also filed a motion for leave to proceed *in forma pauperis* (ECF No. 2) which was granted with the provision that Plaintiff pay a statutorily required partial initial filing fee (ECF No. 4).  Plaintiff has paid that fee.  This complaint is ripe for preliminary review.   Upon preliminary review, Plaintiff may proceed with his Eighth Amendment claims against Defendants Unit Manager Clarkson, Lieutenant Weller, and Lieutenant Troutman for further factual development.    It is **RECOMMENDED**, however, that Plaintiff's claims against Defendant Warden Walter Berry be **DISMISSED** without prejudice.

### PRELIMINARY REVIEW OF PLAINTIFF'S COMPLAINT

I.      Standard of Review

The Prison Litigation Reform Act ("PLRA") obligates the district courts to conduct

a preliminary screening of every complaint filed by a prisoner who seeks redress from a government entity, official, or employee. *See* 28 U.S.C. § 1915A(a).  Screening is also required under 28 U.S.C. § 1915(e) when the plaintiff is proceeding IFP.  Both statutes apply in this case, and the standard of review is the same.  When conducting preliminary screening, the Court must accept all factual allegations in the complaint as true.  *Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006) *abrogated in part on other grounds by Wilkins v. Gaddy*, 559 U.S. 34 (2010); *Hughes v. Lott*, 350 F.3d 1157, 1159-60 (11th Cir. 2003).  *Pro se* pleadings, like the one in this case, are "held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed."  *Id.* (internal quotation marks omitted).  Still, the Court must dismiss a prisoner complaint if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."  28 U.S.C. §1915A(b).

A claim is frivolous if it "lacks an arguable basis either in law or in fact."  *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) (internal quotation marks omitted).  The Court may dismiss claims that are based on "indisputably meritless legal" theories and "claims whose factual contentions are clearly baseless."  *Id.* (internal quotation marks omitted).  A complaint fails to state a claim if it does not include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  The factual allegations in a complaint "must be enough to raise a right to relief above the

2

speculative level" and cannot "merely create[] a suspicion [of] a legally cognizable right of action." *Twombly*, 550 U.S. at 555 (first alteration in original). In other words, the complaint must allege enough facts "to raise a reasonable expectation that discovery will reveal evidence" supporting a claim. *Id.* at 556. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

To state a claim for relief under § 1983, a plaintiff must allege that (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. *Hale v. Tallapoosa Cnty.*, 50 F.3d 1579, 1582 (11th Cir. 1995). If a litigant cannot satisfy these requirements or fails to provide factual allegations in support of his claim or claims, the complaint is subject to dismissal. *See Chappell v. Rich*, 340 F.3d 1279, 1282-84 (11th Cir. 2003).

II.     Plaintiff's Allegations

Plaintiff's claims arise from his previous incarceration at Baldwin State Prison in Hardwick, Georgia. ECF No. 1 at 5. Plaintiff alleges that on September 17, 2021, he advised Defendant Unit Manager Clarkson that he "suffered an anxiety and panic attack". *Id*. Plaintiff complains that he was rebuffed by Defendant Clarkson but continued to complain. *Id*. Plaintiff claims that Defendant Clarkson then "hit [him] in the back of [his] head with his fist". *Id*. Plaintiff further claims that Defendants "Lt. Troutman and Lt. Weller both hit me, kicked me and dragged me inside a cell. *Id*. Plaintiff seeks

damages and requests that the "Defendants be fired immediately".[1]  *Id*. at 6.

III.     Plaintiff's Claims

A. *Excessive force claims against Defendants Clarkson, Troutman, and Weller*

Plaintiff claims that Defendants Clarkson, Troutman, and Weller assaulted him after

he complained to Defendant Clarkson about having a panic attack.  *Id*. at 5.   Claims of

excessive force in the context of those incarcerated following conviction are governed by

the Eighth Amendment's "cruel and unusual punishment" standard.  *Whitley v. Albers*,

475 U.S. 312, 317-21 (1986).   Eighth Amendment excessive force claims have both an

objective and subjective component, and the plaintiff has the burden of establishing both.

*Hudson v. McMillian*, 503 U.S. 1, 8 (1992).   To satisfy the subjective prong, the plaintiff

must demonstrate that the defendant acted with a malicious and sadistic purpose to inflict

harm.  *Id*. at 6.   To satisfy the objective prong, the plaintiff must show that "the alleged

wrongdoing was objectively 'harmful enough' to establish a constitutional violation."  *Id*.

at 8 (citing *Wilson v. Seiter*, 501 U.S. 294, 303 (1991)).

The key inquiry is "whether force was applied in a good-faith effort to maintain or

restore discipline, or maliciously and sadistically to cause harm."  *Wilkins v. Gaddy*, 559

U.S. 34, 37 (2010) (quoting *Hudson*, 503 U.S. at 7).   When the use of force is malicious

---

1 Even if Plaintiff prevails in his claims against these defendants, this Court has no authority under § 1983 to order the termination of employment of any prison employee. *See Newman v. Alabama*, 559 F.2d 283, 288 (5th Cir.), cert. denied, 438 U.S. 915 (1978); *Bush v. Camp*, 1:11–CV–64, 2011 WL 2457909 at * 2 n.1 (M.D.Ga. May 23, 2011). The issue whether these officers should be employed by the prison is strictly a matter for the prison to determine.

or sadistic, "contemporary standards of decency always are violated . . . whether or not significant injury is evident." *Id*. (ellipses in original) (quoting *Hudson*, 503 U.S. at 9). "In determining whether the force was applied maliciously and sadistically to cause harm, courts consider: 'a) the need for the application of force; b) the relationship between the need and the amount of force that was used; c) the extent of the injury inflicted upon the prisoner; d) the extent of the threat to the safety of staff and inmates; and e) any efforts made to temper the severity of a forceful response.'" *Bowden v. Stokely*, 576 F. App'x 951, 953 (11th Cir. 2014) (per curiam) (quoting *Fennell v. Gilstrap*, 559 F.3d 1212, 1217 (11th Cir. 2009)).

Plaintiff alleges that Defendants Clarkson, Troutman, and Weller assaulted him after he complained to Defendant Clarkson about having a panic attack. ECF No. 1 at 5. Liberally construed and read in his favor, Plaintiff's Eighth Amendment claim against Defendants Clarkson, Troutman, and Weller for use of excessive force is sufficient to proceed for further factual development.

B.  *Unspecified claim against Defendant Warden Walter Berry*

It is unclear why Plaintiff has named Warden Berry as a Defendant. Plaintiff does not provide any allegations or present any claims regarding this Defendant other than simply naming him as a Defendant. *See* ECF No. 1. A district court properly dismisses a complaint when the plaintiff, other than naming the defendant in the caption of the complaint, fails to state any allegations that connect the defendant with an alleged constitutional violation. *Douglas v. Yates*, 535 F.3d 1316, 1322 (11th Cir. 2008) (citing

*Pamel Corp. v. P.R. Highway Auth.*, 621 F.2d 33, 36 (1st Cir. 1980)) ("While we do not require technical niceties in pleading, we must demand that the complaint state with some minimal particularity how overt acts of the defendant caused a legal wrong."); *Zatler v. Wainwright*, 802 F.2d 397, 401 (11th Cir. 1986); *Williams v. Bennett*, 689 F.2d 1370, 1380 (11th Cir. 1983) (citations omitted) (stating there must be proof of an affirmative causal connection between the actions taken by a particular person 'under color of state law' and the constitutional deprivation").

If Plaintiff is attempting to assert a claim based solely upon this Defendant's supervisory role as Warden, his claim still fails.   It is well-settled in the Eleventh Circuit that supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of *respondeat superior* or vicarious liability. *See, e.g., Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003); *LaMarca v. Turner*, 995 F.2d 1526, 1538 (11th Cir. 1993).   A prisoner must allege facts showing either that a supervisor personally participated in the alleged constitutional violation or that there is a causal connection between the actions of the supervising official and the alleged constitutional deprivation to state a claim against a prison official based solely on the official's supervisory position. *See Hartley v. Parnell*, 193 F.3d 1263, 1269 (11th Cir. 1999); *Dalrymple v. Reno*, 334 F.3d 991, 995 (11th Cir. 2003); *Hendrix v. Tucker*, 535 F. App'x 803, 805 (11th Cir. 2013) (per curiam) ("The standard by which a supervisor is held liable in her individual capacity for the actions of a subordinate is extremely rigorous." (internal quotation marks omitted)). Nowhere in Plaintiff's complaint is there any allegation that would plausibly support an

inference that Defendant Warden Berry had any direct or indirect involvement in a violation of the Plaintiff's constitutional rights. *See Asad v. Crosby*, 158 F. App'x 166, 170-72 (11th Cir. 2005) (affirming district court's dismissal of supervisory liability claims against two defendants because the record failed to show that they "personally participated in the alleged constitutional violations, or that there was a causal connection between the supervisory defendants' actions and an alleged constitutional violation").

Accordingly, it is **RECOMMENDED** that Plaintiff's unspecified claim against the Defendant Warden Berry be **DISMISSED without prejudice** for failure to state a claim.

IV.    Conclusion

Based on the foregoing, Plaintiff may proceed with his Eighth Amendment claims against Defendants Clarkson, Troutman, and Weller for further factual development.   It is **RECOMMENDED**, however, that Plaintiff's claims against Defendant Walter Berry be **DISMISSED** without prejudice for failure to state a claim.

**OBJECTIONS**

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to these recommendations with the Honorable C. Ashley Royal, United States District Judge, **WITHIN FOURTEEN (14) DAYS** after being served with a copy of this Recommendation.   The parties may seek an extension of time in which to file written objections, provided a request for an extension is filed prior to the deadline for filing written objections.   Any objection should be no longer than **TWENTY (20) PAGES** in length. *See* M.D. Ga. L.R. 7.4.   Failure to object in accordance with the provisions of §

636(b)(1) waives the right to challenge on appeal the district judge's order based on factual and legal conclusions to which no objection was timely made.  *See* 11th Cir. R. 3-1.

## ORDER FOR SERVICE

Having found that Plaintiff has made colorable constitutional violation claims against Defendants Unit Manager Clarkson, Lieutenant Weller, and Lieutenant Troutman, it is accordingly **ORDERED** that service be made on Defendants and that they file an Answer, or such other response as may be appropriate under Rule 12, 28 U.S.C. § 1915, and the Prison Litigation Reform Act.  Defendant is reminded of the duty to avoid unnecessary service expenses, and of the possible imposition of expenses for failure to waive service pursuant to Rule 4(d).

## DUTY TO ADVISE OF ADDRESS CHANGE

During the pendency of this action, all parties shall keep the Clerk of this Court and all opposing attorneys and/or parties advised of their current address.   Failure to promptly advise the Clerk of a change of address may result in the dismissal of a party's pleadings.

## DUTY TO PROSECUTE ACTION

Plaintiff is also advised that he must diligently prosecute his Complaint or face the possibility that it will be dismissed under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute.   Defendant is similarly advised that she is expected to diligently defend all allegations made against her and to file timely dispositive motions as hereinafter directed.   This matter will be set down for trial when the Court determines that discovery has been completed and that all motions have been disposed of or the time for

filing dispositive motions has passed.

## FILING AND SERVICE OF MOTIONS, PLEADINGS, AND

## CORRESPONDENCE

It is the responsibility of each party to file original motions, pleadings, and correspondence with the Clerk of Court.  A party need not serve the opposing party by mail if the opposing party is represented by counsel.  In such cases, any motions, pleadings, or correspondence shall be served electronically at the time of filing with the Court.  If any party is not represented by counsel, however, it is the responsibility of each opposing party to serve copies of all motions, pleadings, and correspondence upon the unrepresented party and to attach to said original motions, pleadings, and correspondence filed with the Clerk of Court a certificate of service indicating who has been served and where (i.e., at what address), when service was made, and how service was accomplished.

## DISCOVERY

Plaintiff shall not commence discovery until an answer or dispositive motion has been filed on behalf of the Defendant from whom discovery is sought by the Plaintiff.  The Defendant shall not commence discovery until such time as an answer or dispositive motion has been filed.  Once an answer or dispositive motion has been filed, the parties are authorized to seek discovery from one another as provided in the Federal Rules of Civil Procedure.  The deposition of the Plaintiff, a state/county prisoner, may be taken at any time during the time period hereinafter set out provided prior arrangements are made with his custodian.  **Plaintiff is hereby advised that failure to submit to a deposition may**

**result in the dismissal of his lawsuit under Rule 37 of the Federal Rules of Civil Procedure.**

IT IS HEREBY ORDERED that discovery (including depositions and the service of written discovery requests) shall be completed within 90 days of the date of filing of an answer or dispositive motion by the Defendant (whichever comes first) unless an extension is otherwise granted by the court upon a showing of good cause therefor or a protective order is sought by the defendant and granted by the court.   This 90-day period shall run separately as to Plaintiff and Defendant beginning on the date of filing of Defendant's answer or dispositive motion (whichever comes first). The scheduling of a trial may be advanced upon notification from the parties that no further discovery is contemplated or that discovery has been completed prior to the deadline.

Discovery materials shall not be filed with the Clerk of Court.   No party shall be required to respond to any discovery not directed to him/her or served upon him/her by the opposing counsel/party.   The undersigned incorporates herein those parts of the **Local Rules** imposing the following limitations on discovery:   except with written permission of the court first obtained, **interrogatories** may not exceed TWENTY-FIVE (25) to each party, **requests for production of documents and things** under Rule 34 of the Federal Rules of Civil Procedure may not exceed TEN (10) requests to each party, and **requests for admissions** under Rule 36 of the Federal Rules of Civil Procedure may not exceed FIFTEEN (15) requests to each party.   No party shall be required to respond to any such requests which exceed these limitations.

**REQUESTS FOR DISMISSAL AND/OR JUDGMENT**

The Court shall not consider requests for dismissal of or judgment in this action, absent the filing of a motion therefor accompanied by a brief/memorandum of law citing supporting authorities.   Dispositive motions should be filed at the earliest time possible, but in any event no later than one hundred - twenty (120) days from when the discovery period begins unless otherwise directed by the Court.

**SO ORDERED AND RECOMMENDED**, this 28th day of December, 2023.


s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge