IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| TOVORIS GORDON, | : | |
| Plaintiff, | : | |
| v. | : | Case No. 5:23-cv-00361-CAR-CHW |
| REGINALD CLARK,[1] *et al.*, | : | |
| | : | Proceedings Under 42 U.S.C. §1983 |
| Defendants. | : | Before the U.S. Magistrate Judge |

# ORDER

Before the Court is Defendants Clark and Waller's motion to set aside default that occurred due to operation of law. (Doc. 34). In the Court's screening order and recommendation, Plaintiff Gordon's claims against Defendants Clark, Thompson, and Waller were allowed to move forward.[2] (Doc. 7). Requests for waiver of service were issued for these Defendants at Baldwin State Prison (Docs. 7-9), but they were returned unexecuted. (Docs. 17-19). The Clerk of Court reissued service paperwork for personal service (Docs. 21-23), and Defendants were personally served by the U.S. Marshals Service in late March 2024. (Docs. 29-31). Defendants failed to answer Plaintiff's complaint as required and are in default by operation of law, but a default has not been entered upon the docket. Defendants Clark and Waller now seek to have the default set aside. (Doc. 34).

---

[1] The Clerk of Court is **DIRECTED** to correct two of the Defendants' names on the docket. Unit Manager Clarkson should be "Reginald Clark" and Lieutenant Weller should be "Sherri Waller," as noted in their attorney's notice of appearance. (Doc. 33).

[2] The screening recommendation remains pending.

1

In their motion, counsel for Defendants Clark and Waller explains that Defendants Clark and Waller timely sought representation following service, but there was a delay in the case being assigned within the Georgia Attorney General's Office. (Doc. 34-1, p. 3). There appears to have been no delay on the part of Defendants Clark and Waller in seeking representation. (*Id.*)

Defaults are viewed with disfavor, and there is a "strong policy for determining cases on their merits." *In re Worldwide Web Sys., Inc.*, 328 F.3d 1291, 1295 (11th Cir. 2003). Rule 55(c) of the Federal Rules of Civil Procedure provides that the Court may set aside any entry of default for "good cause," which generally requires the consideration of factors such as: "whether the default was culpable or willful, whether setting [the default] aside would prejudice the adversary, and whether the defaulting party presents a meritorious defense." *Compania Interamericana Export-Import, S.A. v. Compania Dominicana de Aviacion*, 88 F.3d 948, 951-52 (11th Cir. 1996).

There is no genuine suggestion on the present record of any culpable conduct by Defendants Clark and Waller, they allege that they have grounds for a potentially meritorious defense in this action, and there is no indication that Plaintiff will suffer from prejudice by litigating the merits of his claims through the ordinary legal process. Therefore, Defendants Clark and Waller's motion to set aside default (Doc. 34) is **GRANTED**. Defendant Waller is directed to file an answer **within 21 days of the date of this Order**. Defendant Clark's answer filed on May 10, 2024 (Doc. 36), is accepted.

Defense counsel notified the Court that he is working to determine the representation of Defendant Troutman, who was also personally served but failed to

answer. (Doc. 34-1, p. 3, n. 1). Based on defense counsel's notice, the Court will refrain from entering a default at this time. Defense counsel is **DIRECTED** to submit a status report regarding his efforts to determine Defendant Troutman's representation **within 14 days of this Order**.

     **SO ORDERED**, this 13th day of May, 2024.

                                                   s/ Charles H. Weigle  
                                                   Charles H. Weigle  
                                                   United States Magistrate Judge