## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## MACON DIVISION

| | | |
|---|---|---|
| **TOVORIS GORDON,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| v. | : | **Case No. 5:23-cv-00361-CAR-CHW** |
| | : | |
| **REGINALD CLARK, *et al.*,** | : | |
| | : | **Proceedings Under 42 U.S.C. §1983** |
| **Defendants.** | : | **Before the U.S. Magistrate Judge** |
| | : | |

## ORDER

Before the Court is Defendant Troutman's motion to set aside default. (Doc. 46). In the screening recommendation of Plaintiff Gordon's complaint, claims against Defendant Troutman and other Defendants were allowed to move forward.[1] (Doc. 7). A waiver of service was issued for Defendant Troutman at Baldwin State Prison (Docs. 10, 11), but it was returned unexecuted. (Doc. 18). The Clerk of Court reissued service paperwork for personal service (Doc. 21), and Defendant Troutman was personally served by the U.S. Marshals Service in late March 2024. (Doc. 31). Defendant Troutman failed to answer Plaintiff's complaint as required and is in default, but no default has been entered upon the docket. After a recommendation to deny his pre-answer motion to dismiss was entered[2] (Docs. 40, 41), Defendant Troutman now seeks to have the default set aside. (Doc. 46).

---

[1] The screening recommendation remains pending.
[2] This recommendation remains pending as well.

1

In the motion and response to this Court's show cause order, Defendant Troutman's counsel explains that she filed the motion to dismiss after being retained on Troutman's behalf, but because she was unable to contact him or access the executed summons, she assumed that he had not been personally served. (Docs. 45, 46). She explains that Defendant Troutman was no longer employed by the GDC[3] when the waiver of service was mailed and contends that he did not intentionally avoid service. (*Id.*) His failure to answer Plaintiff's complaint was caused by inexperience with litigation and not by a willful intent to ignore the Court. (*Id.*) He has also remitted the cost of service to the Court. (Doc. 45, p. 4).

Defaults are viewed with disfavor, and there is a "strong policy for determining cases on their merits." *In re Worldwide Web Sys., Inc.*, 328 F.3d 1291, 1295 (11th Cir. 2003). Rule 55(c) of the Federal Rules of Civil Procedure provides that the Court may set aside any entry of default for "good cause," which generally requires the consideration of factors such as: "whether the default was culpable or willful, whether setting [the default] aside would prejudice the adversary, and whether the defaulting party presents a meritorious defense." *Compania Interamericana Export-Import, S.A. v. Compania Dominicana de Aviacion*, 88 F.3d 948, 951-52 (11th Cir. 1996).

There is no genuine suggestion on the present record of any culpable conduct by Defendant Troutman. He indicates that he has grounds for a potentially meritorious defense

---

[3] The motion and show cause order response state that the waiver of service was mailed to Coastal State Prison. (Docs. 45, 46). This appears to be a scrivener's error. While Plaintiff is currently housed at Coastal State Prison, the service paperwork shows that the waiver was mailed to Baldwin State Prison. *See* (Docs. 10, 11, 18, 21, 26, 31).

in this action, and there is no indication that Plaintiff will suffer from prejudice by litigating the merits of his claims through the ordinary legal process. Additionally, the Court recently set aside defaults for the remaining Defendants and permitted them to answer. (Doc. 38). Therefore, Defendant Troutman's motion to set aside default (Doc. 46) is **GRANTED**. Defendant Troutman's answer filed on June 3, 2024 (Doc. 47), is accepted.

**SO ORDERED**, this 5th day of June, 2024.

s/ Charles H. Weigle_____
Charles H. Weigle
United States Magistrate Judge