**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | | |
|---|---|---|
| **TOVORIS GORDON,** | : | |
| | : | |
| **Plaintiff,** | : | **Case No.: 5:23-cv-00361-CAR-CHW** |
| | : | |
| **V.** | : | |
| | : | **Proceedings Under 42 U.S.C. § 1983** |
| **REGINALD CLARK,** *et al.*, | : | **Before the U.S. Magistrate Judge** |
| | : | |
| **Defendants.** | : | |
| | : | |

## <u>ORDER</u>

Plaintiff Tovoris Gordon, *pro se*, filed this suit pursuant to 42 U.S.C. § 1983, regarding his incarceration at Baldwin State Prison. (Doc. 1). All remaining Defendants have answered the complaint. (Docs. 36, 37, 47). Now pending before the Court is Plaintiff's motion to subpoena security and body camera video footage. (Doc. 53). For the reasons explained below, Plaintiff's motion is **DENIED.** However, an extension of discovery is warranted so that Defense counsel may confer with the Georgia Department of Corrections and Defendants regarding the requested footage as directed below.

*Pro se* litigants are entitled to reasonable access to the courts, but they are "subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure." *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989). "Courts do and should show a leniency to pro se litigants not enjoyed by those with the benefit of a legal education." *GJR Investments, Inc. v. Cnty. of Escambia, Fla*., 132 F.3d 1359, 1369 (11th Cir. 1998) (citing *Powell v. Lennon*, 914 F.2d 1459, 1463 (11th Cir. 1990)). However, "this leniency does

not give a court license to serve as *de facto* counsel for a party." *GJR Investments, Inc. v. Cnty. of Escambia, Fla*., 132 F.3d 1359, 1369 (11th Cir. 1998).

In cases involving *pro se* litigants, particularly prisoner litigants, courts have a responsibility to supervise the discovery process. Courts must pay special attention to the use of the subpoena process to obtain third-party discovery under Rule 45. "A court supervising prisoner pro so cases must prevent abuse of its subpoena power and, at the very least, ensure that subpoenas are used for permissible purposes." *Keith v. Mayes*, 2010 WL 3339041, * 1 (S.D.Ga., August 23, 2010) (citing *Poole v. Lambert*, 819 F.2d 1025, 1029 (11th Cir. 1987)). "A *pro se* plaintiff may be entitled to the issuance of a subpoena commanding the production of documents from non-parties upon Court approval." *Wright v. Young*, 2012 WL 3024431, *1 (N.D.Fla., July 24, 2012). A request for the issuance of a subpoena should be granted only if the request is within the proper scope of discovery and "the documents sought are not equally available from [the defendant] through a request for production of documents." *Id*.

While video evidence of an incident involved in a lawsuit would certainly be within the scope of discovery, Plaintiff's motion fails because he has not provided the information necessary to decide if his motion is appropriate. First, he has not provided a name or contact information concerning the alleged video footage, other than the incident date. The Court cannot issue a third-party subpoena to an unknown person. But even if Plaintiff had provided this information, Plaintiff also failed to explain whether he attempted to seek the video footage from Defendants in the regular course of discovery. This is a necessary step

to disclose; otherwise, the Court cannot decide whether a motion for subpoenas should be granted. Therefore, Plaintiff's motion for subpoenas (Doc. 53) is **DENIED** at this time.

To avoid the unnecessary expense of serving third-party subpoenas at a later time, counsel for Defendants are **DIRECTED** to confer with the Defendants and with appropriate Georgia Department of Corrections staff to determine whether there were cameras (stationary, mounted, hand-held, or body-worn) in use during the alleged use of force incident on September 17, 2021, whether those cameras recorded the events alleged by Plaintiff, whether those recordings have been preserved, and the identity of the custodian of those recordings. If the recordings have not been preserved, Defendants will be expected to explain in detail why the recordings have not been preserved.

Although discovery has expired as to Defendants Clarkson and Weller, and Defendant Troutman's discovery period is set to expire on September 1, 2024, discovery is **REOPENED and EXTENDED** as to all parties until <u>October 1, 2024</u> by which time Defendants' counsel shall seek to obtain the video footage as directed. If Defendants are unable to obtain the video footage or evidence related to existence of such footage by that date, the Court will reconsider whether to issue any necessary third-party subpoenas to obtain the evidence.  Unless further extended by the Court, dispositive motions will be due <u>November 1, 2024</u>.

**SO ORDERED**, this 30th day of August, 2024.

s/ Charles H. Weigle_____
Charles H. Weigle
United States Magistrate Judge